CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DONALD DWAIN TEASTER,          )
    Petitioner,                )          Civil Action No. 7:05CV00169
                               )          Crim. No. 1:03CR00070
                               )
v.                             )          **MEMORANDUM OPINION**
                               )
UNITED STATES OF AMERICA,      )          By: Hon. James C. Turk
    Respondent.                )          Senior United States District Judge

Petitioner, Donald Dwain Teaster ("Teaster" or "Petitioner"), a federal inmate proceeding

*pro se*, brings this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C.

§ 2255. Petitioner challenges the validity of his 2004 conviction and sentence in which he pled

guilty to a three count indictment: (1) Intent to distribute 50 grams or more of methamphetamines;

(2) Possession of a firearm in furtherance of a drug trafficking crime; and (3) Possession of

firearm(s) after being convicted of a felony.

I.    **Statements of the Facts**

The Galax, Virginia Police Department; Carroll County, Virginia Sheriff's Department;

Virginia State Police; and the Federal Drug Enforcement Agency (collectively known as the

"Authorities") were conducting narcotics investigations in and around the Galax, Virginia area.

Upon information from an informant, the Authorities applied for, and received, a search warrant for

Petitioner's residence located in Galax, Virginia. During the execution of the search warrant, the

Authorities entered Petitioner's residence and discovered Petitioner attempting to flee the premises

through the rear entry. The Petitioner was apprehended and a frisk of Petitioner's person revealed

that he was in possession of several hundred dollars and a certain quantity of methamphetamines.

1

During the course of the search of Petitioner's residence, the Authorities discovered the following firearms: (1) 9mm semiautomatic pistol; (2) .40 caliber semiautomatic pistol; (3).45 caliber semiautomatic pistol; (4) Tokarev 7.62 caliber semiautomatic pistol; (5) 12-gauge shotgun; and (6) .223 semiautomatic rifle. In addition the Authorities discovered the following narcotics: (1) 55.1 grams of methamphetamines; and (2) 9.3 grams of marijuana. Miscellaneous drug paraphernalia, including scales, were also discovered in Petitioner's residence.

The Petitioner was arrested. Subsequent investigation of Petitioner's background revealed that he was previously convicted of three felonies: (1) A November 28, 1990 conviction for breaking and entering a store; (2) A June 20, 1991 conviction for felony escape; and (3) A February 9, 2000 conviction for malicious wounding, and breaking and entering an occupied home.

## II. Procedural History and Claims

On July 9, 2003, a federal grand jury in the Western District of Virginia returned an indictment charging Petitioner with: (1) Intent to distribute 50 grams or more of methamphetamines, in violation of 21 § U.S.C. 841(a); (2) Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) Possession of firearm(s) after being convicted of a felony, in violation of 18 U.S.C. § 924(g)(1). The trial court appointed A. Benton Chafin, Jr. ("Chafin" or "Counsel") to represent the Petitioner. The Petitioner filed a motion to suppress evidence recovered during the search of Petitioner's home. Oral argument was heard by the trial court on October 14, 2003 and the motion was subsequently denied.

Subsequently, the Government extended a plea offer to Petitioner. The Petitioner alleges that he was never notified of the plea offer by Counsel. Counsel alleges that he did inform Petitioner of the plea offer. On December 3, 2003, Petitioner states that he pled guilty to all three counts in the

2

indictment without knowledge of the Government's plea offer. The trial court questioned Petitioner and was satisfied that Petitioner's guilty plea was voluntary and intelligent. On March 17, 2004, the trial court heard evidence as to why Petitioner should be given credit for acceptance of responsibility under the Federal Sentencing Guidelines. The trial court then credited Petitioner for acceptance of responsibility. Petitioner was sentenced to 180 months on Counts One and Three, to run concurrently, and 60 months on Count Two, to run consecutively with Counts One and Three. Thus, Petitioner was sentenced to 240 months.

On March 14, 2005, Petitioner filed this § 2255 motion. Petitioner's motion to vacate, set aside, or correct, his sentence is based on a claim that Petitioner received ineffective assistance of counsel from Mr. Chafin, which denied Petitioner his Sixth Amendment right to counsel. Petitioner's claim of ineffective assistance of counsel is premised upon three assertions: (1) Counsel failed to communicate a Government plea offer to the petitioner; (2) Counsel failed to object to or challenge the admission of the Petitioner's two prior convictions during sentencing; and (3) Counsel failed to investigate the 18 U.S.C. § 924(c)(1) charge against the Petitioner and, thus, unjustly accepted the Government's interpretation of the facts of the case.

## III. Opinion of the Court

The Constitution mandates that an accused person have the assistance of counsel sufficiently competent to fulfill the role of counsel in the adversarial system as necessary to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 685, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prove that his counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must meet a two prong standard, showing both counsel's defective performance and resulting prejudice. *Id.* at 687. First, he must show that "counsel's representation fell below an

3

objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689 (defendant must overcome presumption that, "under the circumstances, the challenged action might be considered sound trial strategy"). In evaluating counsel's performance, the Court must be highly deferential to counsel's strategic decisions, avoiding the distorted effect of hindsight. *Id.* at 688-89.

Even if it is shown that counsel performed defectively, a petitioner is not entitled to *habeas* relief unless he can satisfy the second *Strickland* prong by showing that counsel's errors "actually had an adverse effect on [petitioner's] defense." *Id.* at 693. It is not enough to show that an error conceivably could have influenced the result. *Id.* The attorney's error must have been so egregious as "to undermine confidence in the outcome," even given the totality of the evidence before the fact-finder. *Id.* at 694. At a minimum, a petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95. If it is clear that no prejudice resulted from the alleged error, the court need not inquire whether the error qualifies as incompetent representation. *Strickland*, 466 U.S. at 697. Finally, an attorney's acts or omissions "that are not unconstitutional individually cannot be added together to create a constitutional violation." *See Fisher v. Angelone*, 163 F.3d 835, 852-53 (4th Cir. 1998), *cert. denied*, 526 U.S. 1035, 119 S. Ct. 1290, 143 L. Ed. 2d 382 (1999).

A.    **Claim One:  Counsel failed to communicate the Government's plea offer to the Petitioner**

First, Petitioner states that he received ineffective assistance of counsel because he was not

4

informed of a Government plea offer which was communicated to Counsel. Where defense counsel

has failed to inform a defendant of a plea offer, the federal courts have been unanimous in finding

that such conduct constitutes a violation of the defendant's Sixth Amendment constitutional right

to effective assistance of counsel. *See, e.g., Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir.

1986); *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3d Cir. 1982). The Supreme

Court noted that the representation of a criminal defendant entails certain basic duties which include

the duties to consult with the defendant on important decisions and to keep the defendant informed

of important developments in the course of the prosecution. *Strickland*, 466 U.S. at 688. A failure

of counsel to advise a client of a plea bargain constitutes a gross deviation from the accepted

standards of professional conduct and would deny a defendant's Sixth Amendment rights. *Zelinsky*,

689 F.2d at 438. Criminal defense attorneys have a duty to inform their clients of plea agreements

proffered by the prosecution, and failure to do so constitutes ineffective assistance of counsel.

*Johnson*, 793 F.2d at 902. A defendant must be involved in the decision-making process regarding

the ultimate acceptance or rejection of a plea offer. *Id.*

The Petitioner asserts that Counsel never informed him of the Government's plea offer.

Whether Petitioner's assertion is true is a fact in dispute because Counsel asserts, by sworn affidavit,

that he did inform the petitioner of the plea offer. Ordinarily, when a material fact is in dispute, the

Court should order a hearing in which both parties can present evidence. The Court must then make

a credibility determination as to which party's assertions to believe. It is unnecessary for the Court

to resolve this factual dispute, however, because even if Counsel did not inform Petitioner of the plea

offer, Petitioner fails to show that the omission prejudiced him. *See Strickland*, 466 U.S. at 687-88

(holding that proof that counsel's assistance is so defective as to require reversal of the petitioner's

5

conviction or sentence requires that a convicted defendant meet a two prong standard, showing both counsel's defective performance **and resulting prejudice**).

The reason why courts have been unanimous in finding that a defendant is denied his Sixth Amendment right to counsel when defense counsel fails to inform the defendant of a plea offer is because a plea offer affords the defendant the choice of receiving a lesser punishment in exchange for pleading guilty. The failure to inform a defendant of a plea offer will, under most circumstances, render assistance of counsel as deficient because the defendant will have lost the choice whether to plead guilty and receive a less harsh sentence or to go to trial, be found guilty, and possibly receive a harsher. In the instant case, however, Petitioner was not prejudiced by Counsel's alleged failure to inform him of the plea offer because the sentence which he actually received is less than the mandatory minimum sentence which he would have received under the proffered plea agreement.

Under the plea offer, Petitioner would, *inter alia*, have pleaded guilty to Counts One and Two, and stipulated: (1) That two of his prior convictions would qualify as "crimes of violence" for purposes of the Federal Sentencing Guidelines § 4B1.1 and § 4B1.2; and (2) That he be treated as a "career offender" under the Federal Sentencing Guidelines § 4B1.1. Under the Sentencing Guidelines and in conjunction with the minimum period of incarceration imposed by statute, for Counts One and Two, Petitioner would have been subject to a sentence of 188-235 months on Count One and 262-327 months on Count Two. The plea offer required that the sentences run consecutively; thus, Petitioner would have been subject to a sentence of at least 450 months.

It would be unreasonable to assert that Petitioner was prejudiced by not being able to accept the plea offer because he fared better by his actual sentence of 240 months. "In the context of a guilty plea, the petitioner must demonstrate that his trial counsel's performance fell below an

6

objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.'" *See Beck v. Angelone*, 261 F.3d 377, 394 (4th Cir. 2001); *see also McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) ("In order to show prejudice from ineffective assistance of counsel that led to the entering of a plea, the defendant must establish through objective evidence a reasonable probability that, but for counsel's advice, he would not have accepted the plea."). Petitioner fails to show a reasonable probability that he would have accepted the plea offer because no reasonable defendant would have accepted a plea under which the mandatory minimum sentence is higher than the actual sentence he received.

It is possible that if the Petitioner would have agreed to the plea offer, the sentencing court could have disregarded the terms of a plea agreement and sentenced the Petitioner to the mandatory minimum period of incarceration under Counts One and Two, which would be 120 months if run consecutively. Such a scenario would certainly prejudice the Petitioner if he was not informed of a plea offer. Conversely, however, Petitioner could have faced life in imprisonment if the sentencing court decided it would not be bound by a plea agreement. The failure to inform Petitioner of the plea offer would not have prejudiced him in this scenario.

Such hypothetical conjectures, however, without reasonable likelihood that they would occur are not enough to prove prejudice. To prove prejudice, Petitioner must provide evidence that there would have been a reasonable likelihood, which is more than mere bald assertions, that the sentencing court would have sentenced him to a lesser punishment under the plea offer than the punishment which he actually received. *Cf. Johnson*, 793 F.2d at 902 n.3 (holding that even if counsel's conduct was deficient, the court had serious doubts as to whether prejudice was shown where the petitioner failed to objectively show that but for counsel's error, that acceptance of the plea

7

offer was the better option). Petitioner has failed to provide any objective evidence to support that he would have received a lower sentence under the plea offer than the sentence which he acutally received.

Accordingly, the Court cannot find that the petitioner has met his burden of objectively demonstrating that he was prejudiced if, in fact, Counsel did not inform Petitioner of the Government's plea offer. Because Petitioner fails to show prejudice under *Strickland*, the Court must deny relief on this ground.

**B.    Claim Two:    Counsel failed to object or challenge the admission of the petitioner's prior conviction during sentencing**

Second, Petitioner states that he received ineffective assistance of counsel because Counsel did not challenge the admission of a prior conviction during sentencing. Petitioner asserts that the admission of the prior conviction led the sentencing court to find that the petitioner was an armed career criminal, pursuant to 18 U.S.C. § 924(e), which thus, increased Petitioner's sentence. Here, whether or not Counsel's failure to challenge or object to the admission of petitioner's prior conviction was deficient, such failure did not work any prejudice to Petitioner.

Counsel's failure to make an objection is not prejudicial, or deficient, if there is no reasonable basis for such an objection to be sustained by the court. The sentencing court found that the petitioner was an armed career criminal under 18 U.S.C. § 924(e) because he has three prior convictions that were each categorized as a "violent felony." The petitioner's three prior convictions were: (1) A November 28, 1990 conviction for breaking and entering a store; (2) A June 20, 1991 conviction for felony escape; and (3) A February 9, 2000 conviction for malicious wounding, and breaking and entering an occupied home. The Petitioner's two convictions for "breaking and

8

entering" qualify as burglary for the purposes of 18 U.S.C. § 924(e) and can be used by a court to find that the petitioner is an armed career criminal. *See Taylor v. United States*, 495 U.S. 575, 599, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) ("We conclude that a person has been convicted of burglary for purposes of § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.").

The definition of burglary under § 924(e) does not require that the crime that Petitioner was convicted of, have an element of use, attempted use, or threatened use of physical force. A crime of burglary under § 924(e) is established when there is an unlawful entry onto the premises of another with the intent to commit a crime. Petitioner's conviction of November 28, 1990 and February 9, 2000, meet these requirements and could be considered by the sentencing court.

Furthermore, the Petitioner's conviction for felony escape can be considered for § 924(e) purposes. Felony escape has been ruled a "violent felony" for § 924(e) by the Fourth Circuit. *See United States v. Hairston*, 71 F.3d 115, 118 (4th Cir. 1995) ("To avoid jeopardizing the success of the escape and further punishment upon capture, the escapee may choose to dispel the interference by means of physical force."); *United States v. Aragon*, 983 F.2d 1306, 1313 (4th Cir. 1993) ("The likelihood that physical force will be applied upon interruption of what originally had been planned as an escape of stealth is at least as great as that presented when a temporarily absent resident returns home and encounters a burglar.").

Here, the sentencing court did find Petitioner was a career armed criminal because of Petitioner's three prior felony convictions and the case law firmly supports this position. The Petitioner has failed to allege any bases that an objection by Counsel would have been reasonably

9

likely to sway the court in his favor. *See Strickland*, 466 U.S. at 694-95. Petitioner has failed to

allege that Counsel had any basis, whether under contradictory case law or fact, that would support

an objection to Petitioner being found a career armed criminal under § 924(e). *Cf. United States v.*

*Foster*, 68 F.3d 86, 89 (4th Cir. 1995) (holding that petitioner was not prejudiced because the trial

court properly relied on petitioner's two prior felony convictions in sentencing him as a career

offender and petitioner could not establish a reasonable probability that a different result would have

occurred "but for" counsel's alleged error). Because Petitioner fails to show that Counsel's

performance was deficient or that Petitioner suffered prejudice under *Strickland*, the Court must deny

relief on this ground.

## C. Claim Three: Counsel failed to investigate the 18 U.S.C. § 924(c)(1) charge against the petitioner and, thus, unjustly accepted the Government's interpretation of the facts

Third, Petitioner asserts that Counsel failed to adequately investigate the 18 U.S.C. §

924(c)(1) charge against the petitioner, and too readily accepted the Government's interpretation of

the facts. Petitioner asserts that if Counsel had conducted a more thorough investigation of the facts

of the case, Counsel would have found that Petitioner was not in violation of the prohibited conduct

set forth in 18 U.S.C. § 924(c)(1) because he was not in "use" of a firearm as defined under §

924(c)(1). *See Wood v. Zahradnick*, 578 F.2d 980, 982 (4th Cir. 1978) ("That right [to reasonably

competent counsel] imposes a correlative duty on defense counsel to undertake reasonable steps to

investigate all open avenues of defense."); *see also McCoy v. Newsome*, 953 F.2d 1252, 1262-63

(11th Cir. 1992) ("Effective assistance of counsel embraces adequate pretrial investigation. When

a lawyer fails to conduct a substantial investigation into any of his client's plausible lines of defense,

the lawyer has failed to render effective assistance of counsel."). Counsel's failure to investigate

10

whether Petitioner was in "use" of a firearm as defined under § 924(c) was not deficient and did not

cause Petitioner any prejudice because Petitioner was subject to § 924(c) by mere possession of a

firearm in furtherance of drug trafficking.

Petitioner relies upon *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d

472 (1995) to assert that mere possession of a firearm is insufficient to sustain a conviction under

18 U.S.C. § 924(c). The *Bailey* Court's interpretation of § 924(c), however, was superceded by a

Congressional amendment to the statute that criminalized "possession" of a firearm, in addition to

"use" of a firearm.[1] *See United States v. Studifin*, 240 F.3d 415, 420 (4th Cir. 2001). The legislative

history of the 1998 Amendments to § 924(c) reveal that Congress intended the statute to also apply

to persons who merely possess a firearm in furtherance of a drug trafficking crime. *Id.* at 420-21.

The 1998 Amendments apply to Petitioner because the criminal acts which he was convicted for,

occurred in the year 2003, when the 1998 Amendments were in effect.

Petitioner does not deny or contest the fact that he was in possession of a firearm, whether

actual or constructive. Thus, it was not deficient for Counsel to fail to investigate whether Petitioner

was in "use" of a firearm during a drug trafficking crime, and Petitioner suffered no prejudice from

the failure to investigate, because Petitioner violated § 924(c) by mere possession of a firearm in

furtherance of a drug trafficking crime. Because Petitioner fails to show that Counsel's performance

was deficient or prejudicial under *Strickland*, the Court must deny relief on this ground.

## IV. Conclusion

Petitioner has failed to prove that he received ineffective assistance of counsel. Therefore,

---

[1][A]ny person who, during and in relation to any crime of violence or drug trafficking . . .
uses or carries a firearm, **or** who, in furtherance of any such crime, **possesses** a firearm . . . . 18
U.S.C. § 924(c)(1)(A) (2000) (emphases added).

11

the Petitioner's § 2255 motion is **Denied**. The Petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _19th_ day of October, 2005.

Senior United States District Judge

Case 7:05-cv-00169-JCT-mfu   Document 13   Filed 10/19/05   Page 12 of 12   Pageid#: 97